## DO I NEED A LAWYER?

No, you do not need a lawyer to file a private suit. You may file a complaint in federal court without a lawyer which is called a *pro se* complaint. Every district court has either a clerk or staff attorney who can assist you in filing *pro se*. To find out how to file a *pro se* complaint, contact the clerk of the court having jurisdiction over your case who can advise you of the appropriate person to assist you and of the procedures to follow, which may vary from district to district.

You may, however, wish to retain a lawyer in order to adequately protect your legal rights. Whether you retain a private attorney, or file *pro se*, you must file your suit in the appropriate court within 90 days of receiving this mailing.

## WHAT IF I WANT A LAWYER BUT I CAN'T AFFORD ONE?

If you can't afford a lawyer, the U.S. District Court which has jurisdiction may assist you in obtaining a lawyer. You must file papers with the court requesting the appointment of counsel. You should consult with the office of the district court that assists *pro se* complainants for specific instructions on how to seek counsel. The appointment of counsel in any *pro se* complaint is always at the discretion of the court.

Generally, the U.S. District Court charges a $120.00 filing fee to commence a lawsuit. However, the court may waive the filing fee if you cannot afford to pay it. You should ask the office of the District Court that assists *pro se* complainants for information concerning the necessary procedure to request that the filing fee be waived.

## HOW CAN I FIND A LAWYER?

These are several attorney referral services operated by bar or other attorney organizations which may be of assistance to you in finding a lawyer to assist you in ascertaining and asserting your legal rights:

American Bar Association
(312) 988-5522

The Massachusetts State Bar Association
Toll free ( 866) 627-7577
(617) 654-0400

National Employment Lawyers Association Referral Service
(212) 819-9450

Your County, City, or Municipal Lawyers or Bar Association may also be of assistance.

## HOW LONG WILL THE EEOC RETAIN MY CASE FILE?

Generally, the Commission's rules call for your charge file to be destroyed after 2 years from the date of a no cause determination or six months after other types of final actions. If you file suit, and wish us to retain your file for more than the normal retention period, you or your attorney should forward a copy of your court complaint to this office within 10 days after you file suit. **If You File Suit, You or Your Attorney Should Also Notify this Office When the Lawsuit is Resolved.**

Information Sheet (page 2 of 2)

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108
Tel (617) 994-6000
Fax (617) 994-6024

September 5, 2003

Ahmed Farah
30 Walnut Park No. 3
Boston, MA 02119

RE: Ahmed Farah v. EJT Management INC.
MCAD Docket No 021302301

Dear Parties:

You are hereby notified the Commission has received your appeal in the above referenced matter. A preliminary hearing has been scheduled for September 22, 2003 at 2:30 p.m., in the Boston Office.

Please bring any additional information you wish to present to the Commission in support of your appeal.

If Complainant is unable to attend, a written appeal may be submitted. If the Respondent is unable to attend, no continuance will be granted.

Very truly yours,

Nancy M. To
Appeals Process Coordinator

cc: EJT Management INC
Eddie, Owner
60 Kilmarnock Street
Boston, MA 02215

# E. J. T. MANAGEMENT, INC.

Date: 7/31/00

Inspector of Carriages

Hackney Carriage Bureau

Police Headquarters

154 Berkeley Street

Boston, Massachusetts

Dear Sir:

This is to inform you that we have received an application from the below-named person to lease taxicabs from us and that we will consider him/her when he presents himself duly licensed and with a proper work card for this garage.

*Ahmed Farah*
*30 Walnut Park*
*Roxbury Ma 02119*

Thank you,

[signature]

60 KILMARNOCK STREET, BOSTON, MA 02215 • TEL: (617) 266-4700

# CRUZ

September 26, 2001

Mr. Ahmed Farrah
30 Walnut Park #3
Roxbury, MA 02119

Dear Mr. Farrah:

I have been unable to contact Boston Cab to verify your annual income. Please call Jessenia Rivera with the name of the person we need to contact, the address and telephone number of Boston Cab.

This information is necessary in order to complete your interim re-certification regarding the additional income you are now receiving. Please provide us with the information as soon as possible not later than October 3, 2001.

Sincerely,

Regina Placid
Property Manager

cc:    Resident File

16CA202584

EEOC

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Room 601, Boston, MA 02108

NOV 2 0 2003

Almed Farah
30 Walnut Park No. 3
Boston, MA 02119

    RE: Almed Farah v. EJT Management Inc.
    MCAD DOCKET NO: 02130230

Dear Parties:

On September 22, 2003 a preliminary hearing was held regarding the above reference complaint to consider the Complainant's appeal of lack of probable cause finding issued in this Complaint on August 6, 2003.

Based upon information presented at the appeal hearing and a review of the evidence adduced in investigation, I have determined that the <u>Lack of Probable Cause</u> finding in this case is affirmed. This means that investigation and appeal evidence fails to establish sufficient evidence to determine that an unlawful act of discrimination has been committed.

All employment complaints where applicable, are dual filed with the U.S. Equal Employment Opportunity Commission (EEOC). Our finding will be forwarded to its Area Office, JFK Federal Building, Boston, MA 02203. The MCAD finding will be given substantial weight by the EEOC provided that such finding are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and or The Americans with disabilities Act of 1990.

                              Very truly yours,

                              Walter J. Sullivan, Jr.
                              Investigating Commissioner

cc: EJT Management Inc.
    Eddie, Owner
    60 Kilmarnock Street
    Boston, MA 02215

## Ahmed A Farah
30 Walnut park #3
Roxbury Ma 02119
617 427 4576
9/22/03
MCAD Docket # 102bem02301


I am submitting here to MCAD that the first time I had a hearing on this matter was on August 12th, 2002 and the MCAD agent was Ms. Neldy Jean Francois.
On the first hearing day EJT management did not attend the hearing and this tells me that the Taxi cab Co. was not interested in this matter and they did not care to attend.
And the letter that I received from MCAD was inconclusive decision regarding to my claim.

I am not here to be against the EJT management but I am here to tell the honorable office of MCAD that the EJT management did not respect my opinion as an individual and they violated the law of the disabled person by insulting me and telling me that "if I knew that you were disabled, I would not have hired you". The EJT management business facility is not accessible to the handicapped person. I would appreciate if the office of MCAD could take a look at the facility and see if that office abides the rules and regulation regarding to the accessibility issues.

The above pragraph describes what happened to my first day of at EJT management and Mr. Eddie who is the main boss at EJT management was present at that time at site and he witnessed the incident. I was not happy with the service and the accomodation that I received from the Taxi Cab Company at that day and I went home without working on that day. Approximately, after couple of days latter, Mr. Mahdi Jama and Mr. Yusuf Dirir notified to meet Mr. Eddie at his office.
I met with Mr. Eddie at his office and he apologized to me and Mr. Eddie promised me that I would be treated fairly at his company and there has been a witness at that time at his office.

After that previous meeting with the owner of EJT, I continued my work driving taxi for an aproximately for one year and few months.
The office of EJT asked me to pay an optional services and I refused to do so and eventually they told me that I would not be able to drive taxi on the weekend. The weekends were the days that I used make my living by driving taxi.
For me to drive taxi, I had to pay the optional services for me to work the weekend and I started writing them a personal check for me to keep it as my record.
During the winter, the facility was very in very bad condition, and I spoke with the management to check the facility if it was accessible for the disabled people and the only answer I received from the management was a sarcastic laugh.
EJT management started harrasing me and they caused me a lots of stress due to them giving a bad taxi with high mileage or a body damages so I would not make money or my customers would be happy with my services so I may not get a tip either.

One day, I leased a taxi and I have taken a picture from the taxi that I leased which had a previous damage from tear and wear.
After all this things happened to me, one day I was stationed at 225 franklin street, I double parked my taxi and I was talking with a fellow cab driver, and an other taxi driver was behind me that belonged to EJT management, and I backed my taxi to the taxi behind me and simply touched without causing any damage to either taxi.

The cab company notified me few days latter and they told me that I have caused a damage to the cab I was driving and the pictures that I had taken show that the damage was there already and the driver that I touched his car told me that there has been no damage to the taxi and he would a witness if I need him to. Due to this fabricated accident, the EJT management told me to pay $5000.00 to repair the damage that I caused to their taxi otherwise I would not be able to lease a taxi from them any more.

Early 2003, I went back to EJT to lease a taxi from them, and I spoke with a gentleman called Rafi, and he told that I would not be able to lease a taxi from them if I did not drop the case and I am not allowed to come to this office any more. After that I asked to give my deposit money of $200.00 and he told me that I would not be able to get my money or lease a taxi.

Then I called the police to give me my money from this company who seem to be acting irrationally. The officer came and he spoke with them and after he analyzed situation he told them to pay me my money or a taxi and they decided to give me my $200.00.

From that day on, I have not been to their office.

I respectfully ask this honorable office to check this matter.

Thanks very much

Ahmed A Farah

----------------------

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

## - DISMISSAL and NOTIFICATION of RIGHTS -

To: Ahmed Farah
30 Walnut Park No. 3
Boston, MA 02119

Case: Ahmed Farah v. EJT Management INC
MCAD Docket Number: 02BEM02301
EEOC Number: 16CA202584         AUG 0 7 2003
Investigator: Nolan Lim

Your complaint has been dismissed for the following reasons:

[ ]  The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ]  Respondent employs less than the required number of employees.

[ ]  Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]  You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]  The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]  The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[x]  The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ]  Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Nancy To.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____
Walter J. Sullivan Jr.
Investigating Commissioner

_____
Date  8/6/03

MCAD Docket Number 02BEM02301, Dismissal and Notification of Rights with Appeal Rights                Page 1

| | |
|---|---|
| To: | Case File |
| From: | Ahmed Farrah |
| RE: | Recommendation for Finding of Lack of Probable Cause |
| Case Name: | Ahmed Farah v. E.J.T. Management, Inc. |
| Docket #: | 02BEM02301 |
| EEOC #: | 16CA202584 |
| No. of Employees: | 25+ |
| Violation Date: | 06/09/2002 |
| Filing Date: | 07/09/2002 |

**Issue(s) Investigated:**

Whether complainant, Ahmed Farah, was discriminated against by Respondent, on the basis of Disability in violation of M.G.L. 151B Section 4 Paragraph 16 and the ADA.

**Summary of Findings:**

Complainant alleges that he was discriminated against on the basis of disability. Complainant leased a cab from Respondent, EJT Management. Complainant alleges that Respondent said, "If I knew you were disabled, I wouldn't have hired you." Complainant got into a traffic accident in Respondent's cab. Complainant alleges that Respondent's used this accident as an excuse to suspend Complainant's cab lease for year. Complainant alleges that the accident was just a pretext for terminating Respondent based on disability.

Respondent denies all allegations of discrimination. Respondent states that Complainant was an independent contractor, and therefore was not employed by EJT management. Respondent further states that Complainant was not allowed to lease a cab because of the violent nature of the Complainant's car accident.

**Investigation Reveals:**

A careful investigation of the lease agreement reveals that Complainant was not an employee of Respondent. Respondent does not deny that he was an independent contractor under the lease agreement. Generally, under M.G.L. 151B, an independent contractor cannot file a discrimination claim against the other contracting party. Only in extreme instances where an independent contractor is treated like an employee can a contractor file a discrimination claim. The lease agreement states that Complainant could decide which dispatches to take. Complainant was also liable for any damage done to the car. Thus, Respondent did not treat Complainant as an employee.

**Conclusion:**

The Complainant fails to establish a prima facie case for disability discrimination. Under M.G.L. 151B an independent contractor cannot file a discrimination claim against the other contracting party. Complainant is an independent contractor. Thus, complainant cannot file a claim against the Respondent.

**Disposition:**

Respondent has articulated legitimate, non-discriminatory business reasons for its actions. Complainant has not provided any evidence to substantiate that Respondent's reasons are pre-textual. For the above-mentioned reasons, it is recommended that this case be dismissed for **Lack of Probable Cause**.

| | |
|---|---|
| Nolan Lim | Katherine M. Martin, Esq. |
| Investigator | Supervisor |

**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

MCAD DOCKET NUMBER: 02BEM02301       EEOC/HUD CHARGE NUMBER: 16CA202584
FILING DATE: 07/09/02                VIOLATION DATE: 06/09/02

Name of Aggrieved Person or Organization:
Ahmed Farah
30 Walnut Park No. 3
Boston, MA 02119
Primary Phone: (617)427-4576 ext. ____

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:
EJT Management INC
eddie, Owner
60 Kilmarnock Street
Boston, MA 02215
Primary Phone: (617)866-4700 ext. ____

No. of Employees:     25+

Work Location: Boston

Cause of Discrimination based on:
Disability, Other motor/limb (including use of other orthopedic devices).

The particulars are:
I, Ahmed Farah, the Complainant believe that I was discriminated against by EJT Management INC, on the basis of Disability. This is in violation of M.G.L. 151B Section 4 Paragraph 16 and ADA.

I began working at the EJT Boston Cab in August of 2000. After i was hired, one of the managers, Rafi, said to me "if i knew you were disabled, i wouldn't have hired you." My disability is with my left leg and i drive with my right. Following this, I was harassed for asking questions about the disability access and parking spaces. Then in the spring (date unknown) i had an accident with another car owned by the same company. There was no damage. I was then suspended in June for 1 year. I believe this was pretexual and a way to get rid of me because they did not like my disability.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 7/9/2002.
NOTARY PUBLIC: Allison E. Hope
SIGNATURE NOTARY PUBLIC: Allison E. Hope
MY COMMISSION EXPIRES: 10/1/04

MCAD Docket Number 02BEM02301, Complaint

**The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024**

7/10/2002

Ahmed Farah
30 Walnut Park No. 3
Boston, MA 02119

RE: Ahmed Farah vs. EJT Management INC
MCAD Docket Number: 02BEM02301
EEOC/HUD Number: 16CA202584

Dear Complainant Party:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has assigned Neldy Jean-Francois to investigate the above referenced complaint of discrimination. The Commission's investigator will review the allegations in the complaint and will keep the parties informed of developments arising from that investigation.

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD schedules an Investigative Conference with the parties shortly after the complaint is filed. Information about the Conference is included with this notice.

An Investigative Conference regarding the above complaint will be held at the Commission's Office, One Ashburton Place, Boston, MA at on August 12th, 2002 at 9:00 a.m. You are required to attend this conference and your failure to do so will be taken as representing a lack of interest on your part in pursuing this claim.

One important purpose of this conference will be to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolution as an alternative to the often lengthy and expensive litigation process.

If you have any questions pertaining to the Investigation, please contact Neldy Jean-Francois at (617) 994-6038.

Very truly yours,

Neldy Jean-Francois
Investigator

Cc:

MCAD Docket Number 02BEM02301, Serve Complainant – With Investigative Conference

To: Massachusetts Discrimination Commission
From: Ahmed Ali Farah.
**January 27, 2003**

Ref: Case#

Subject: **New update.**

On January 17, 2003, I went to Boston cab Co. to lease a taxi and to collect my State Taxi Information from them, and The Representative of Boston Cab. Mr. Rafi told me that he (Mr. Rafi) will not lease me a taxi nor give me a information about the amount of money that they (boston cab) collected for the state.

I indicated to Mr. Rafi that I, Ahmed Farah, have a deposit of $200.00 and a contract that allows me to lease a taxi from them therefore I requested to give me good reason why he denied me to lease a taxi and collect my taxi information?

Mr. Rafi replied that for me to lease a taxi and collect my state taxi information, I, Ahmed Farah, had to drop the lawsuit against Boston Cab Company and Mr. Rafi will be helping me then on.

My answer to Mr. Rafi was I will not do that therefore I would like to receive my deposit money and interest on my money starting first day that I deposited with them. Mr. Rafi did not honor my request of giving me my $200.00 deposit. I called Boston Police and informed him about the problem with Boston Cab company, and the Officer ordered Boston Cab Co. to pay the $200.00 and they did pay the money after the Police talked to them.

Attacment: Boston Police information about the incident day and lease agreement.

Thanks.

Ahmed Ali Farah.

1)

1) Yusuf Diner
   614-261-4747 W
   614-621-0358

2) MAHDI JAMO
   704 649 9449

Reconciliation witnesses

✓ FIRST Day witness
1- RAFIS mechanic
   available at the garage.
   614-266-4700
2- Mousey
3- Hamid
4- Haile
5- ADAN
6- STARIS

Robert mond
Al moor