```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

AHMED ALI FARAH,                    )
          Plaintiff,                )
                                    )
     v.                             ) C.A. No. 04-11973-NMG
                                    )
EFT MANAGEMENT INC. and             )
EDDIE, OWNER,                       )
          Defendants.               )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's application to proceed without prepayment of fees is denied and he shall either pay the $150.00 filing fee for this action or file a fully-completed and signed application. If he takes either action, he shall demonstrate good cause why this action should not be dismissed without prejudice.

BACKGROUND

On September 9, 2004, Ahmed Ali Farah filed an application to proceed without prepayment of the filing fee and a complaint alleging employment discrimination because of a "natural disability." Compl. p. 1. Farah alleges that he filed an employment application with Boston Cab and that he was told by a manager that he could not drive cabs for the company because he was "disabled." Id. He then asserts that after speaking to the owner of the company, he eventually was allowed to lease a cab. Id. at p. 2. After Farah was in a "minor accident" with another cab, he claims that he was

informed by the defendants that he could not lease a cab from them unless he paid them $5000 to repair damage to the cab. Id.

Farah appears to contend that although his refusal to make that payment was the stated basis for firing him, the real reason for his termination was his disability. Id. He states that he filed a grievance with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC"). Id. He attaches exhibits to his complaint that indicate that MCAD dismissed his complaint for lack of probable cause and that Farah's appeal of that determination was denied on or about November 20, 2003. Id., Exhibits. He does not allege that the EEOC has completed its review of his claims and has issued a "right to sue" letter.

## ANALYSIS

I.  Plaintiff Must Pay the Filing Fee
    Or Submit a New, Fully-Completed Application

A party filing a civil action in this Court must either (1) pay the $150 filing fee for civil actions or, (2) if he lacks the funds to pay the filing fee, file an application to proceed without prepayment of the filing fee on the form required by this Court. See 28 U.S.C. § 1914 (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma

pauperis). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee.

Although plaintiff has submitted an application for waiver of the filing fee on the form provided by this Court, he has failed to fully complete and sign the application. He has not answered nearly all of the questions on the form and has not signed it.

Because the application is incomplete, the Court cannot determine whether plaintiff is indigent and qualifies for waiver of the filing fee. Plaintiff's application will be denied and plaintiff will be granted leave to file a new application.

II.  The Court May Screen this Action

Because plaintiff seeks to file this complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review plaintiff's complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

### III. Absent Exhaustion Before the EEOC, This Court May Not Consider Plaintiff's Employment-Law Claims

It appears that Farah is claiming that he was unlawfully discriminated against based on a disability. Farah does not state under what legal theory or theories he bases his claims, but construing Farah's claims generously, it appears that he is attempting to bring his claims pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213, and Chapter 151B, Mass. Gen. Laws ch. 151B, § 1, et seq.

Prior to bringing an action in federal court, the ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See 42 U.S.C. § 12117 (incorporating by reference, inter alia, 42 U.S.C. § 2000e-5(f)(1)); Bonilla Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999). Such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of Title I of the ADA. Bonilla, 194 F.3d at 277. Similarly, in order to bring claims of discrimination under Chapter 151B pursuant to this Court's supplemental jurisdiction,[1] a plaintiff

---

[1] Absent a federal question, this Court, of course, would not have original jurisdiction to consider plaintiff's state-law based employment claims because it does not appear that diversity of citizenship exists. See 28 U.S.C. § 1332

4

must first submit a complaint to MCAD within six months of the alleged unlawful conduct. Mass. Gen. Laws ch. 151B §§ 5-9; accord Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41, 423 Mass. 1021, 1021 (1996).

In states such as Massachusetts, which has its own state anti-discrimination agency and a "work-sharing" agreement with the EEOC, a charge filed with the MCAD, the state agency, is automatically referred to the EEOC after MCAD's initial review. Thus, claims filed with MCAD or the EEOC are effectively filed with both agencies. Seery v. Biogen, Inc., 203 F. Supp. 2d 35, 43 (D. Mass. 2002); see Davis v. Lucent Technologies, Inc., 251 F.3d 227, 230 n. 1 (1st Cir. 2001).

After the filing an administrative charge for Title I ADA claims, the EEOC must reach a final determination on the claims and render a decision stating whether it will pursue them in federal court or whether the complainant will be issued a "right-to-sue" letter. Absent a final determination

---

(diversity jurisdiction); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) (diversity jurisdiction requires complete diversity: the citizenship of each plaintiff must be diverse from each defendant); 28 U.S.C. § 1367(a) (in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution).

or a "right-to-sue" letter from the EEOC, a party generally may not bring a civil action under Title I of the ADA in federal court. Bonilla, 194 F.3d 278; accord McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 504 (1st Cir. 1996) (Title VII plaintiff must file a timely EEOC charge and receive notice of a right to sue); Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 137-138 (4th Cir. 1995) ("right-to-sue" letter is essential to the initiation of a private employment discrimination action under Title VII).

Here, because plaintiff does not allege that the EEOC has issued a "right-to-sue" letter for his Title I ADA claims, his claims are subject to dismissal without prejudice. See, e.g., Tapia-Tapia v. Potter, 322 F.3d 742, 744-745 (1st Cir. 2003) (where district court gave party the benefit of the doubt by affording him an opportunity, through a show-cause order, to demonstrate that he had satisfied the preconditions for bringing suit on the ADEA claim and appellant was unable to make the requisite showing, court could dismiss action); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (although the filing of an administrative charge is not a jurisdictional prerequisite to suit, a plaintiff may not circumvent the requirement); accord Oscar Mayer & Co. v. Evans, 441 U.S. 750, 757 (1979) (same); Lattimore v.

Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) (pro se status does not relieve an employee of the obligation to meet procedural requirements established by law).

## CONCLUSION

ACCORDINGLY,

(1) The Application to Proceed Without Prepayment of Fees is DENIED without prejudice;

(2) Plaintiff shall either pay the $150.00 filing fee for this action or, if he lacks the funds to pay the filing fee, submit a new fully-completed application to proceed without prepayment of fees within thirty-five (35) days of the date of this Memorandum and Order;

(3) If plaintiff takes either action, he shall also demonstrate good cause why this action should not be dismissed without prejudice under 28 U.S.C. § 1915(e)(2) for the reasons stated above; and

(4) The Clerk shall send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.

SO ORDERED.

Dated at Boston, Massachusetts, this 8th day of October, 2004.

s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE